# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RYAN HALL, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 1:21-cv-04748 |
| | : | |
| v. | : | **OPINION** |
| | : | |
| | : | |
| KRISTINE KEYES, | : | |
| | : | |
| Defendant. | : | |

This matter comes before the Court on Plaintiff Ryan Hall's ("Plaintiff") Motion to Remand the case back to the New Jersey Superior Court, Special Civil Part, Camden Vicinage. The Court has considered the written submissions of the parties and concluded, for the reasons set forth below, that Plaintiff's Motion to Remand is GRANTED.

**I. Background**

Defendant Kristine Keyes ("Defendant") currently resides at 7236 Walnut Avenue, Pennsauken, New Jersey ("the Property"). Dkt. 6-2 at 7. On February 19, 2021, Plaintiff filed a Complaint seeking to eject Defendant from the Property. Id. at 1. Many of the events leading to this cause of action are documented in the related case of Keyes v. Nationstar Mortgage, LLC, No. 1:20-cv-02649, 2020 WL 6111036, at *1–2 (D.N.J. 2020). For context, the Court will reiterate that background here.

On August 8, 2006, Defendant acquired the Property by executing a note and mortgage. Dkt. 6-7 at 1. In 2013, Nationstar Mortgage, LLC ("Nationstar") purchased the mortgage and filed a foreclosure action in the Superior Court of New Jersey, Chancery Division, alleging that the mortgage had been in default since December 1, 2010. Id. at 1, 6. Defendant failed to respond or

1

appear in that action and the Superior Court entered an uncontested final judgment of foreclosure on July 16, 2015.[1] Dkt. 6-8.

On February 23, 2018, the Superior Court entered a writ of execution, commanding sheriff's sale of the Property and, on April 17, 2019, U.S. Bank, N.A. ("U.S. Bank"), as trustee for LSF9 Master Participation Trust, purchased the property at sheriff's sale. Dkt. 6-5; Dkt. 6-9. On November 6, 2019, Defendant filed a motion to vacate the sheriff's sale, which she later withdrew. Dkt. 6-2 at 4. On February 18, 2020, Defendant filed a motion to quiet title, which this Court dismissed. Keyes, 2020 WL 6111036, at *1. Defendant continued to live at the Property throughout these proceedings.

On February 11, 2021, Plaintiff purchased the Property from U.S. Bank and, on February 19, 2021, filed the instant suit in the New Jersey Superior Court, Special Civil Part, Camden Vicinage, seeking to eject Defendant from the Property. Defendant then filed a Notice of Removal, alleging that her intended use of the Center for Disease Control and Prevention's ("CDC") eviction moratorium[2] as a defense confers federal question jurisdiction. Dkt. 1. Plaintiff filed this Motion to Remand on the grounds that a federal defense cannot create federal question jurisdiction. Dkt. 6-2.

---

[1] Between 2015 and 2019, however, Defendant did file three bankruptcy petitions with the United States Bankruptcy Court, each of which automatically stayed the foreclosure. Dkt. 6-2 at 4. The Bankruptcy Court dismissed all of the petitions and issued an order stating that any future bankruptcy filings would not stay the foreclosure action. Keyes, 2020 WL 6111036, at *2.

[2] On September 4, 2020, the CDC issued a "Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID–19." 85 Fed. Reg. 55,292 (Sept. 4, 2020). The order states that "a landlord, owner of a residential property, or other person with a legal right to pursue eviction or possessory action, shall not evict any covered person from any residential property in any jurisdiction to which this Order applies during the effective period of the Order." Id. (footnote omitted). This order has been extended four times and is now set to expire on June 30, 2021. *See* Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID–19, 86 Fed. Reg. 16731 (March 31, 2021).

2

## II. Legal Standard

"[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, a civil suit filed in state court may be removed to federal court if the claim is one "arising under" federal law. See id. § 1441(b). "To determine whether [a] claim arises under federal law, [courts] examine the 'well pleaded' allegations of the complaint." Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." (citing Gully v. First Nat. Bank, 299 U.S. 109, 112–113 (1936))). This rule makes "the plaintiff the master of the claim," so that "he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392. It is thus "settled law that a case may not be removed to federal court on the basis of a federal defense."[3] Id. at 393. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III. Discussion

Plaintiff's ejectment action arises entirely under New Jersey law. See Dkt. 6-3 ¶ 9 (seeking relief under N.J.S.A. 2A:35-1 and/or N.J.S.A. 2A:39-1). Therefore, no "federal question is presented on the face of the plaintiff's . . . complaint." Caterpillar, 482 U.S. at 392. Defendant asserts that removal is still proper because she has raised the CDC eviction moratorium as a defense. Dkt. 1. However, "[i]t is settled law that a case may not be removed to federal court on the basis of a federal

---

[3] There are two exceptions to this rule, which allow "a state claim [to] be removed to federal court . . . when Congress expressly so provides . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Beneficial, 539 U.S. at 8. Neither exception applies here.

3

defense." Caterpillar, 482 U.S. at 393. Because the Complaint does not allege a cause of action "arising under" federal law and Defendant relies exclusively on a federal defense to establish federal jurisdiction, this Court lacks jurisdiction to hear the case. The Court must remand the case back to the New Jersey Superior Court. *See* 28 U.S.C. § 1447(c).

**IV. Conclusion**

For the reasons set forth above, the Motion to Remand is GRANTED. This matter is therefore REMANDED to the New Jersey Superior Court, Special Civil Part, Camden Vicinage. An appropriate order will follow.


June 29, 2021                                                       /s/ Joseph H. Rodriguez

                                                                              Hon. Joseph H. Rodriguez, USDJ